UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRESHA K. NEFF,

    Plaintiff,                                Case No. 1:16-CV-66

v.

CITY OF EAST LANSING,                HON. GORDON J. QUIST

    Defendant.
_____/

## **OPINION GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff alleges that a number of actions taken by Defendant amounts to disparate treatment and disparate impact violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and a violation of the Elliott–Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws §§ 37.2101 et seqq. Defendants filed a motion for summary judgment as to all counts. (ECF No. 19.) The matter is fully briefed and ready for decision.[1]

## **FACTS**

Plaintiff Tresha Neff has been employed as a police sergeant by Defendant City of East Lansing since 1994, serving mainly as a road patrol officer. Police Chief Julie Liebler has promoted male officers, rather than Plaintiff, to the rank of lieutenant at least twice in the last several years. These promotional decisions are made based upon both "measureable" qualities, such as education and experience, as well as "immeasurable" qualities, such as leadership ability. Plaintiff was also turned down for internal and external training opportunities, and was told that funds for tuition reimbursement were unavailable on two occasions.

---

[1] Defendant requested oral argument. After considering the record and the law, the Court concludes that further argument is not necessary.

# DISCUSSION

## *Time-Barred Claims*

The complaint references many employment actions that both parties agree are time-barred. Plaintiff concedes that all Title VII claims occurring prior to January 8, 2015, and all ELCRA claims occurring prior to January 25, 2013, are barred. This leaves only claims for denial of promotions in 2013 and 2014, and denial of training and tuition reimbursement in 2014.

## *Disparate Treatment*

Counts I and III of the complaint allege that Defendant's promotional process and practices amount to impermissible disparate treatment under Title VII and the ELCRA.[2] "Intentional discrimination claims under Title VII can be proven by direct or circumstantial evidence." *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 648–49 (6th Cir. 2012) (citing *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir.2004)). Plaintiff and Defendant appear to agree that there is no direct evidence of discrimination. (ECF No. 19 at PageID.87; ECF No. 21 at PageID.340.) "In the absence of direct evidence of discrimination, Title VII claims are subject to the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973)." *Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 390 (6th Cir. 2009). This involves three steps.

> [T]he plaintiff must first submit evidence from which a reasonable jury could conclude that he or she established a prima facie case of discrimination. If the plaintiff does so, the defendant must then offer admissible evidence of a legitimate, nondiscriminatory reason for its action. Finally, if the defendant succeeds in this task, the plaintiff must identify evidence from which a reasonable jury could conclude that the proffered reason is actually a pretext for unlawful discrimination.

---

[2] "Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases." *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (citing *Hall v. State Farm Ins. Co.*, 18 F.Supp.2d 751, 766 (E.D.Mich.1998)).

*Id* at 391 (internal quotation marks, citations, and alterations omitted).

> To establish a prima facie case of gender discrimination through circumstantial evidence, [a plaintiff] must show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably.

*Regan v. Faurecia Auto. Seating, Inc.,* 679 F.3d 475, 481 (6th Cir. 2012) (internal quotations marks omitted).

Plaintiff's claims predicated upon the denial of training and tuition reimbursement and unfavorable scheduling all fail because Plaintiff has not established that similarly-situated male employees were treated more favorably. As to the first three alleged adverse actions, Plaintiff simply claims that "[t]hese actions, when taken in context with the other actions of the Defendant establish a pattern of discrimination against the Plaintiff on the basis of her gender." (ECF No. 21 at PageID.341.) this does not suffice for Plaintiff to meet her evidentiary burden. As to the issue of tuition reimbursement, Plaintiff asserts that "[i]n distributing these funds, Defendant repeatedly favored male officers in regard to approving reimbursement over the allotted five-thousand dollars approved by the CBA," and cites a number of documents in the record without explaining how this evidence actually shows that Defendant favored male officers over female officers. (ECF No. 21 at PageID.342 (citing ECF No. 21-4).)

"Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (internal quotation marks and alterations omitted). Plaintiff has waived any argument that Defendant is not entitled to summary judgment on these claims.

Defendant justifies the promotion of male offers over Plaintiff by contending that she was not the most qualified candidate, and argues that Plaintiff has not produced evidence that generates a genuine issue of material fact that this justification is a mere pretext. (ECF No. 19 at PageID.95.) "A plaintiff can refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action 'by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Provenzano v. LCI Holdings, Inc.,* 663 F.3d 806, 815 (6th Cir. 2011) (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003)).

Plaintiff essentially argues that Defendant's reason is merely a pretext because Plaintiff was more qualified than the officers promoted to lieutenant in 2013 and 2014.[3] (ECF No. 21 at PageID.341-43.)

> Relative qualifications establish triable issues of fact as to pretext where the evidence shows that either (1) the plaintiff was a plainly superior candidate, such that no reasonable employer would have chosen the latter applicant over the former, or (2) plaintiff was as qualified as if not better qualified than the successful applicant, and the record contains other probative evidence of discrimination.

*Id.* at 815 (quotation marks omitted)  Plaintiff's sole contention is that she was more qualified because she was more experienced, had more seniority, or worked more voluntary overtime than the officers who were actually promoted.  But Plaintiff does nothing to explain why this made her a "plainly superior candidate," nor does she point to other probative evidence of discrimination.  While a raw number of years of experience would certainly be relevant to promotion decisions, Plaintiff has not advanced any argument that shows how it should be determinative in this case.

---

[3] Plaintiff makes arguments in her brief regarding a promotion she sought in 2016 (ECF No. 21 at PageID.343), but, as Defendant notes, this promotion is not mentioned in the complaint and Plaintiff has not sought to amend.

*Disparate Impact*

Count II of the complaint alleges that Defendant's "promotional process and practice" results in a disparate impact on women's ability to be promoted to command staff ranks. (ECF No. 1 at PageID.9.) Defendant moved for summary judgment, arguing that Plaintiff failed to come forward with sufficient statistical evidence to establish a prima facie case. (ECF No.19 at PageID.103-04.) Plaintiff did not raise any arguments to the contrary. Plaintiff has thus waived any argument that Defendant is not entitled to summary judgment. *See McPherson*, *supra*.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment (ECF No. 19).

A separate order will enter.


Dated: April 20, 2017                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE